

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-19-2007

# Asemani v. Fed Bur Prisons

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2640

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Asemani v. Fed Bur Prisons" (2007). *2007 Decisions.* Paper 31.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/31

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CLD-55                                            NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 07-2640

BILLY G. ASEMANI,
                                                Appellant

v.

FEDERAL BUREAU OF PRISONS; KATHLEEN M. HAWK-SAWYER;
NORTHEAST REGIONAL B.O.P. OFFICE; SUSAN GERLINSKI, Warden, Low
Security Correctional Institution; EXECUTIVE ASSISTANT MR. RYDER; RENE G.
GARCIA, Associate Warden for Operations; MANAGER ANGELA ESPINOSA LEVI;
COUNSELOR MR. SOLOMON, Union Housing Unit; D.G. ZIMMERMAN;
REGISTER NURSE J. REASER; MR. TRYBUS, Number One Correctional Officer, AM
Shift; MR. SEEKLER, Number One Correctional Officer, PM Shift; SENIOR C.O.C.
COOMBE; C.O. MR. LOZANO; J. PASTORE; C.O. MR. SOSNOWSKI; C.O. MR.
WILITZ; C.O. MR. WOLF; MR. MYERS, Supervisor, Material Handling Department;
CALI, Officer, Material Handling Department; MR. FUREK Material Handling
Department; LT. SOELLER, Special Housing Unit

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 03-cv-0964)
District Judge:  Honorable Edwin M. Kosik

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 21, 2007

BEFORE: AMBRO, FUENTES and JORDAN, Circuit Judges

(Opinion filed:  December 19, 2007)

_____

_____

OPINION

_____

PER CURIAM

On March 11, 2005, the United States District Court for the Middle District of Pennsylvania granted the defendants' motion to dismiss Billy G. Asemani's pro se civil rights action, wherein he challenged various incidents that allegedly occurred while he was incarcerated at LSCI-Allenwood. Asemani filed a motion for reconsideration on March 21, 2005, raising one issue: the District Court's failure to specifically address his allegation that the Bureau of Prisons ("BOP") placed him in administrative segregation as a protective measure for more than 90 days without seeking approval from the BOP regional correctional administrator. The District Court denied the motion. Asemani timely appealed.[1]

We have jurisdiction under 28 U.S.C. § 1291. We review the District Court's

_____

[1] Although Asemani's motion for reconsideration, filed within ten business days of the District Court order granting the defendants' motion for summary judgment, preserved review of that underlying judgment, see Fed. R. App. P. 4(a)(4)(A), we read his notice of appeal as seeking review only of the denial of his motion for reconsideration. Assuming that Asemani had intended to challenge the underlying judgment, we nevertheless would have summarily affirmed that decision, as the District Court properly determined that there was no merit to his complaints about placement in administrative segregation, the denial of dental care, retaliatory conduct, and the deduction of funds from his prison account.

2

denial of Asemani's motion for reconsideration for abuse of discretion. See Max's Seafood Café v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999). A motion for reconsideration filed pursuant to Rule 59(e) may be granted on one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available . . . ; or (3) the need to correct a clear error of law or fact or to prevent injustice." Id. at 677.

On June 14, 2002, Asemani alleged that he was sexually assaulted by a Physician's Assistant at LSCI-Allenwood. Pursuant to BOP policy, Asemani was immediately moved for his own protection to administrative segregation in the Special Housing Unit. He remained there until October 25, 2002, when his allegation was determined to be meritless and the investigation closed. In his amended complaint, Asemani claimed that he was housed in administrative segregation in retaliation for accusing the Physician's Assistant of sexual assault, rather than for his own protection. The District Court concluded that Asemani failed to provide any support for his claims of retaliation and that, under the circumstances, his approximately four-month confinement in administrative segregation did not constitute an "atypical and significant hardship." Rather than challenge these conclusions in his motion for reconsideration, Asemani argued that his constitutional rights were violated because prison officials did not seek or obtain BOP approval to continue his protective custody beyond 90 days as required by one of its own Program Statements. Asemani argued that reconsideration was warranted

3

because the District Court failed to specifically address his Program Statement claim.

It is clear that this claim involves neither an intervening change in controlling law nor any newly discovered evidence. Moreover, the District Court did not commit a clear error of law or create an injustice. The relevant inquiry was whether Asemani's confinement in administrative segregation imposed an atypical and significant hardship on him in relation to the ordinary incidents of prison life. See Sandin v. Conner, 515 U.S. 472, 484 (1995). The District Court's conclusion that no such hardship existed encompassed Asemani's allegations based on the Program Statement. See Wilkinson v. Austin, 545 U.S. 209, 223 (2005) (observing that "the touchstone of the inquiry into the existence of a protected, state-created liberty interest in avoiding restrictive conditions of confinement is not the language of regulations regarding those conditions but the nature of those conditions themselves in relation to the ordinary incidents of prison life." (internal quotation marks omitted)).

For the foregoing reasons, we will summarily affirm the District Court's order denying the motion for reconsideration.

4